The record in this case shows that a judgment was rendered in the County Court of Smith, at May term, 1822, in behalf of the plaintiff, Cheatham, against the defendant, Hodges, a constable, for moneys received by him and collected as constable for the plaintiff, and against the other defendants as his securities. The plaintiff, being dissatisfied with this judgment, prayed and obtained an appeal to the Circuit Court of Smith County, having complied with the requisitions of the law for this purpose. To authorize the County Court to render this judgment, a notice, dated 30th April, 1822, from the plaintiff, Cheatham, to the constable, Hodges, was on the same day delivered to Hodges, with the particulars of the demand for which judgment should be moved for, and specifying the respective sums of money received by him, and from whom received; also the executions delivered to him in favor of the plaintiff, against whom, and for what sums respectively, with the dates of the receiving of the said moneys by him, and of the delivery of the said executions to him; and that he, the plaintiff, would move the next County Court for the County of Smith for judgment against him and his securities. It did not appear by the record that any notice was given to the other defend *142 ants, the securities, hut it appeared that they were before the Court by their attorneys when the motion was made and the judgments rendered.
At the October term of the Circuit Court for the County of Smith, 1822, to which the appeal was taken, three judgments were rendered in favor of the plaintiff; the first against John Hodges, the constable, and his security, George Matlock, in the sum of thirty-four dollars seventy-five cents, being the amount of money received by Hodges and not paid over to the plaintiff, and the amount of the executions received by him and not returned according to law, together with costs by him about his suit expended. The judgment is very formally entered, and all the necessary facts stated, to authorize the rendering the judgment,- amongst which are, that the parties were •present by their attorneys, that the moneys received by Hodges were received by him as constable between the 10th May, 1819, and the 14th May, 1821, for the use of the plaintiff, and that the executions received by him were received by him as constable in the year 1820, and not returned according to his duty; and further, that the defendant, George Matlock, was one of the securities for the defendant, Hodges, for the faithful discharge of his duty in the office of constable for and during the time said moneys were received, and said executions were issued and should have been returned.
The second judgment is rendered against John Hodges, constable, and Robert Allen and David Hodges, his securities, in the sum of $ 105.71 the amount of moneys collected and executions issued and not returned, together with his costs by him about his suit expended. This judgment is also very formally entered, and all the points previously stated on the ¡record authorizing the rendition thereof, as, that the money received by Hodges was received by him as constable for the use of the plaintiff, and the executions in like manner by him as constable, and not returned according to law; which moneys and executions were received after the 14th May, 1821, and during the time he was acting in his office of constable. Also, that the defendants, Allen and David Hodges; were securities for said John Hodges for the faithful discharge of the duties of the office of constable for and during the times the said sums of money were collected by him, and said executions were issued and ought to have been ¡returned.
The third judgment is against John Hodges only, for the sum of $22.491 and costs; it not appearing at what time the sums constituting that aggregate were collected by the defendant, John Hodges, and the plaintiff agreeing to take a judgment against him alone, the judgment was ¡rendered. It is formal, as the others are, and the facts on which it is founded particularly stated on the face of the record.
The record goes on and states that on the trial of- the above causes it *143 appeared to the satisfaction of the Court that the defendant, Hodges, had notice at least ten days before the motion was made in the County Court, and that it appeared to the satisfaction of the Court that W. D. Bowyer and A. W. Overton, Esquires, were marked as counsel for the defendants on the trial docket, and after the trial of the cause Bowyer stated he was counsel for the defendant, Hodges, and Mr. Overton stated he was counsel for Allen and Matlock, and the defendant, Robert Allen, and George Mat-lock prayed an appeal in nature of a writ of error, &c.
Several points were stated by the plaintiff’s counsel as constituting error; two only will be noticed, being the principal ones.
The first is, that notice of the plaintiff’s motion or motions, being by him given to the defendant, John Hodges, the constable, only, previous to their being made to the County Court, and not to the other defendants, the securities of the said Hodges, the judgments are erroneous.
It is not necessary, in deciding this question, to determine whether, under the acts of Assembly cited on the argument, the securities of a constable for the faithful discharge of his duty in the office are entitled to notice of an intended motion against them and their principal, the constable, for a breach of duty in office, to authorize a judgment 'there, as admitting the affirmative to be the proper construction of the acts of Assembly their securities have precluded themselves by their own acts to insist upon it, and claim the benefit accruing upon its not being given. If the acts intended a notice in these cases to be given to the securities, its operation would be a statute pr'ocess to bring the parties before the Court for the purpose of answering the plaintiff’s demand; this is the office of leading process in general, and if notice is necessary in this case, such also must be its office in the case, and if so, it must necessarily be subject to the same law that other leading process is subject to, and that is, if there be error or defect in it, such error or defect is cured by the appearance of the parties, not challenging or insisting upon such defect. What are the facts here ? These securities appeared in the County Court by their attorneys, and made no objection to the plaintiff’s demand on account of the want of notice being given them of his intended motion for judgment; this conduct of theirs is a waiver; for this advantage, if claimed at all, must be claimed in the first instance, and if then neglected, cannot be insisted upon after-wards. Carthew, 124.
The cause was tried in the County Court upon the merits, and an appeal taken to the Circuit Court. In the Circuit Court the same conduct of these parties is reiterated, the same course is pursued; they appear, decline challenging the defect, supposing it then not too late; the cases are taken up upon the merits and judgment rendered, without one word about notice or the want of it; but now, in error, it is insisted upon. It comes too late.
*144 The second point insisted upon for error is, that the plaintiff has joined different demands against different persons in the same case, forming one cause of action.
That this record contains one judgment and not three judgments, one case and not three cases, seemed to he acquiesced in by the counsel for the defendant in error, but this Court cannot view the record in this light. It is true, the record is informal in parts, and far from that dress it could be wished that all records would appear in. That part of it which contains the proceedings of the County Court is the most informal and obscure, but even from this it cannot be distinctly collected that the plaintiff, Cheatham, intended one case. In his notice to the defendant, Hodges, he says, “ Mr. John Hodges, take notice, I shall move the County Court to enter up judgment against you and your securities, for the following sums collected,” &c., and in a subsequent part of the notice he says : “ I shall also, at the same time, move the Court for judgment against you and your securities for the amount of executions,” &c., and towards the conclusion of the notice he says, “ these applications will be made pursuant to the acts of the General Assembly,” &c., &c.
This diction certainly does not clearly show that the plaintiff intended only one case, one motion, one application, one judgment, but rather the reverse. But this doubt is completely removed by the proceedings in the Circuit Court. There three distinct judgments are rendered, on three distinct motions made by him, each against different parties. The first judgment is rendered against John Hodges and George Matlock, and the record shows it was rendered on motion of the plaintiff, by his attorney. The second judgment is rendered against John Hodges, Robert Allen, and David Hodges, the record showing it was rendered on motion of the plaintiff by his attorney. The third judgment is against John Hodges alone; also appearing by the record to be rendered on motion of the plaintiff by his attorney. In each of these cases also there is a judgment for the costs against the defendants respectively in the case, so that even, in a technical view, this ground of exception would not warrant the Court in pronouncing these proceedings erroneous. But cui. bono, reverse ? Have not the parties had a fair hearing in their presence by their counsel, the merits fully investigated, and judgments rendered against the defendants according to their respective liabilities. Hodges, the constable, is liable to the plain-tiffin the whole of his demands; the judgments embrace him to this extent. Matlock, his security for the first two years, is only rendered liable by the judgment against him for the defalcation of these years ; and the defendants, Allen and John Hodges, his securities for the performance of his official duties for the last two years, are only affected by his delinquency during that period. Complete justice is done to all the parties concerned ; let the judgments of the Circuit Court be affirmed.